**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEI LIANG,<br>on behalf of himself and a class, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| FRONTLINE ASSET STRATEGIES, LLC,<br>and NORTH STAR CAPITAL<br>ACQUISITION LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Wei Liang brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Frontline Asset Strategies, LLC ("FAS") and North Star Capital Acquisition LLC ("NSCA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants do or transact business within this District.

**PARTIES**

4. Plaintiff Wei Liang is an individual who resides in the Northern District of Illinois.

5. Defendant FAS is a limited liability company chartered under the law of Minnesota with its principal place of business at 2700 Snelling Ave N, Suite 250, Roseville, MN 55113. It does

1

business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. FAS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FAS states on its web site (www.frontlineassetstrategies.com) that it provides debt collection and call center services.

8. FAS is a debt collector as defined in the FDCPA.

9. Defendant NSCA is a limited liability company chartered under the law of Minnesota. Its registered agent and office is Zenith Acquisition Corp., 170 North Pointe Parkway, Suite 300, Amherst, NY 14228.

10. NSCA was or is engaged in the business of acquiring, or claiming to acquire, charged off consumer debts and collecting them, by suit and otherwise.

11. NSCA used the mails and telephone system in conducting such business.

12. NSCA is a debt collector as defined in the FDCPA.

## FACTS

13. On December 29, 2005, a judgment was entered in a collection lawsuit filed by NSCA against plaintiff Wei Liang in the Circuit Court of Cook County, case 05 M1 166402. (Appendix A)

14. NSCA is no longer authorized to do business in Illinois. (Appendix B)

15. NSCA allowed its Illinois Collection Agency Act license, which is a prerequisite for it to engage in any collection activity in Illinois, directly or indirectly, including the prosecution of collection litigation, to lapse several years ago. (Appendix C)

16. NSCA filed well over 1,000 collection lawsuits in Illinois, many of which resulted in judgments. It began filing cases no later than 2005 and filed hundreds in 2007 and 2008. (Appendix D) On information and belief, based on a computer search, at least 500 of the cases filed during this period resulted in judgments, which would now be over 7 years old. On information and

belief, many of the judgments were not paid in full.

17. The court file in the case resulting in the 2005 judgment does not show that any other entity besides NSCA has acquired the judgment.

18. Under Illinois law, a judgment may not be enforced seven years after entry unless it is revived by the court after a proper showing. 735 ILCS 5/12-108 provides:

> **§ 12-108. Limitation on enforcement. (a) Except as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601 of this Act; but real estate, levied upon within the 7 years, may be sold to enforce the judgment at any time within one year after the expiration of the 7 years. A judgment recovered in an action for damages for an injury described in Section 13-214.1 may be enforced at any time. Child support judgments, including those arising by operation of law, may be enforced at any time**. . . .

19. The statute and the FDCPA protect consumers against dishonest persons searching court records, obtaining the names of judgment debtors, and seeking payment from them. *Chase Bank USA, N.A. v. Cardello*, 27 Misc. 3d 791, 896 N.Y.S.2d 856, 857-58 (Richmond Co. Civ. Ct., 2010).

20. During 2015, plaintiff has received telephone calls from defendant FAS seeking to collect the judgment.

21. The callers did not disclose that the judgment was dormant and no longer enforceable.

22. Plaintiff has received nothing in writing from FAS.

23. On information and belief, nothing was sent.

24. On information and belief, the collection activity was conducted on behalf of NSCA.

## VIOLATIONS ALLEGED

25. Defendants violated 15 U.S.C. §1692e by attempting to collect a dormant judgment without disclosure of the fact that it was no longer enforceable.

26. Defendants violated 15 U.S.C. §1692e by attempting to collect a judgment held by an unlicensed debt buyer (NSCA).

27. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

  **(2) The false representation of–**

    **(A) the character, amount, or legal status of any debt; . . .**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

28. Defendant FAS violated 15 U.S.C. §1692g by not providing the "notice of debt" required by that section.

29. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

     **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

     **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

     **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the**

> **original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
> **(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
> **(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

30. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of two classes.

31. The FAS class consists of (a) all persons in Illinois (b) contacted by FAS for the purpose of collecting a debt reduced to judgment (c) more than 7 years prior to the contact (d) which judgment had not been revived, (e) where the contact occurred during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

32. The NSCA class consists of (a) all persons in Illinois (b) contacted by or on behalf of NSCA for the purpose of collecting a debt (c) where the contact occurred during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

33. On information and belief, based on the fact that debts are assigned to collection

agencies in groups of debts of similar type and vintage and not individually, each class is so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants have a practice of collecting debts reduced to judgment in Illinois more than 7 years previously and which judgments have not been revived;

    b. Whether doing so violates the FDCPA;

    c. Whether NSCA is engaging in unlawful collection activities in Illinois without a collection agency license;

    d. Whether doing so violates the FDCPA.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

36. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

37. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class and against defendants for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as is appropriate.

                                                              s/Daniel A. Edelman
                                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\31727\Pleading\Complaint (Revised)_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

_____
Wei Liang

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman<br>
Daniel A. Edelman