IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEI LIANG, on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP, LLC,<br><br>Defendants. | 15 C 09054<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wei Liang filed suit against Frontline Asset Strategies, LLC, LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, 1692a–1692p. Defendants have filed a motion to dismiss [35]. For the reasons stated below, the motion is granted.

## Factual Background

In 2005, North Star Capital Acquisition, LLC brought an action against plaintiff Wei Liang for a debt originating from a credit card. *See* 2d Am. Compl. ¶¶ 26–27, ECF No. 32. On December 29, 2005, a default judgment was entered against Liang. *See id.* ¶ 26; *id.*, App. A.

Now, after a series of transactions, defendant LVNV Funding, LLC is the purported owner of the debt. *See id.* ¶¶ 35–36. Defendant Alegis Group, LLC is the sole partner of defendant Resurgent Capital Services, L.P., which is responsible for

managing LVNV's debt portfolio. *See id.* ¶¶ 16–19, 23. Defendant Frontline Asset Strategies, LLC ("FAS") is a debt collection agency retained by LVNV. *See id.* ¶¶ 6–8, 37–40. It should be noted that the file for the case resulting in the default judgment does not show LVNV as the assignee of record. *See id.* ¶ 34.

On July 8, 2015, FAS sent a collection letter to Liang identifying LVNV as the creditor to whom the debt is owed and stating:

> A judgment was entered against you on 12/29/2005. Your unpaid judgment has been turned over to us for collection with a total amount due of $10,539.18 as of the date of this letter.
> . . . .
> . . . . Nothing contained in this letter changes or alters your consumer rights.

*See id.* ¶¶ 37–39.

Plaintiff's primary objections to the letter are that (1) it did not disclose that the judgment in question was a dormant judgment under Illinois law and (2) the defendants were not the judgment creditors. Defendants now seek to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must

2

"accept . . . as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Analysis

### I. Dormant Judgment

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. According to Liang, "by referring to a judgment" that has become dormant, the defendants "misrepresented . . . that they were entitled to . . . judicial enforcement." 2d Am. Compl. ¶ 45.

In assessing a debt collector's statements, courts use the "unsophisticated consumer" test to determine whether collection messages are deceptive or misleading. *Gammon v. GC Servs. Ltd.*, 27 F.3d 1254, 1257 (7th Cir. 1994). If a statement would mislead an unsophisticated consumer, then making that

3

statement in connection with an attempt to collect a debt violates the FDCPA. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

Furthermore, a false or misleading statement is actionable under the FDCPA only if it is material. *See Lox*, 689 F.3d at 826. For the purposes of § 1692e, a misleading statement is material if it "could have any practical impact on a consumer's rights or decision-making process." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016). Therefore, in this case, the letter's failure to disclose the dormant nature of the judgment would be material only if knowledge of the debt's dormancy would have impacted the debtor's decision to challenge or pay the debt.

*Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009), is illustrative. There, the plaintiff debtor received a debt collection letter stating that "$1,051.91 of [the balance] was an 'AMOUNT DUE' and the remaining $82.64 was 'INTEREST DUE.'" 557 F.3d at 756. According to the plaintiff, however, the amount due portion also contained interest from an earlier accrual period; therefore (at least in the plaintiff's eyes), the letter falsely represented the character of the debt. *See id.* The Seventh Circuit disagreed, finding that "the difference between principal and interest is no more important to the [FDCPA] than the color of the paper that [the defendant] used." *Id.* at 757. Whether the paper is tan, light blue, or gray, "[a] dollar due is a dollar due." *Id.* Because the breakdown of interest and principal of the debt would not have altered the debtor's behavior, the statement did not violate the FDCPA even though it may have been technically inaccurate. *See id.*

4

The question presented in this case is whether the dormancy of the judgment would have been material to Liang's decision of how to respond to the letter from LVNV. In Illinois, apart from certain limited exceptions not applicable here, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601." 735 Ill. Comp. Stat. 5/12-108(a). Section 2-1601 provides that a judgment can be revived "by employing a petition filed in the case in which the original judgment was entered in accordance with Section 2-1602." 735 Ill. Comp. Stat. 5/2-1601. Section 2-1602, in turn, states that a "judgment may be revived in the seventh year after its entry, or in the seventh year after its last revival, or at any other time thereafter within 20 years after its entry." 735 Ill. Comp. Stat. 5/2-1602(a). It goes on to state that such a petition "shall be filed in the original case in which the judgment was entered." 735 Ill. Comp. Stat. 5/2-1602(b); *see also First Nat'l Bank of Marengo v. Loffelmacher*, 603 N.E.2d 80, 84 (Ill. App. Ct. 1992) ("[A] party may not enforce a judgment after the expiration of seven years from the time that judgment was rendered unless the judgment is subsequently revived.").

Despite the rather straightforward language in these provisions, Illinois courts have largely blunted their impact. *Department of Public Aid ex rel. McGinnis v. McGinnis*, 643 N.E.2d 281 (Ill. App. Ct. 1994), is instructive. There, the plaintiff filed a motion to force her ex-husband to pay child support in accordance with a divorce judgment that was older than seven years. The Department of Public Aid filed a petition to intervene to collect the judgment. The Department's original

5

petition, however, did not seek to revive the judgment, even though it was dormant. And so the Department later filed an amended petition seeking revival and enforcement.

In response, the defendant, who was served with the original petition but not the amended one, sought to dismiss the petition on the basis that he was not adequately served with an action seeking revival of the judgment. Although the court recognized that the first petition did not seek to revive the judgment, it was unpersuaded by the defendant's argument, noting that it had "recently declared an express request for revival is not necessary to effect revival." *Id.* at 285 (citation omitted). The court continued, "[T]he initial petition described the original judgment by date, amount, and parties, stated whether any of the judgment was satisfied, and requested defendant be ordered to pay the judgment with interest." *Id.* at 285. As a result, the court held, "[t]he initial petition attempted revival (albeit inartfully) and, therefore, gave defendant adequate notice of an attempted revival of the dormant judgment against him." *Id.* In short, the Department was deemed to have revived the dormant judgment simply by stating the details of the judgment and seeking its enforcement.[1]

Other Illinois cases evince an equally generous reading of Section 5/12-108. For example, in *James T. Haddon, Ltd. v. Weiss*, 796 N.E.2d 109 (Ill. App. Ct. 2003),

---

[1] The statute subsequently was amended in 1997 so that "[c]hild support judgments, including those arising by operation of law, may be enforced at any time." As a result, such judgments are no longer subject to the seven-year limitation. *See In re Marriage of Stockton*, 937 N.E.2d 657, 665 (Ill. App. Ct. 2010).

the plaintiff was a law firm that filed an action to recover the attorneys' fees awarded to it by a previous divorce judgment. The defendant argued that the action was invalid because eight years had passed since the judgment had been entered and the law firm had failed to revive the judgment as required by Section 5/12-108. *Id.* at 113. Noting that "an express request for revival is not necessary to effect revival of a judgment," the court disagreed, finding that the law firm's "subsequent actions to collect the debt operated as a revival" for the purposes of Section 5/12-108. In so doing, the court disregarded the need for a separate petition altogether. *See also People ex rel. Wray v. Brassard*, 589 N.E.2d 1012, 1014–15 (Ill. App. Ct. 1992) (holding that Department of Public Aid had sufficiently revived a dormant judgment by filing a petition seeking the child support payments ordered by the dormant judgment). Additionally, the Seventh Circuit itself has characterized the revival of a dormant judgment under Section 5/12-108 by and large as nothing more than a clerical requirement. *See TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003) ("Normally entry of a reviving order should be a clerical task; all it entails is assurances that the judgment has not been vacated or marked satisfied since its rendition."). Accordingly, the dormant nature of a judgment under Illinois law is hardly a barrier to enforcement. The dormant dollar is still a dollar due.

In this case, Defendants stated, "an unpaid judgment has been turned over to us for collection." 2d Am. Compl. ¶ 39; *see also id.*, App. E. Given the state of Illinois law, the Court concludes that, even if the letter had disclosed the dormant status of the judgment, it would not have had any practical impact on an unsophisticated

7

consumer's rights or decision-making process in relation to the debt. Dormancy does not make a debt unenforceable. *See Thomas v. Parkinson*, 2009 WL 4429867, *5–6 (C.D. Ill. 2009) (stating that a creditor did not violate the FDCPA when it represented that a dormant judgment was enforceable). Therefore, Liang's FDCPA claim based on defendant's failure to state that the debt was dormant is dismissed with prejudice.

## II. Creditor of Record

Next, Liang alleges that Defendants further violated § 1692e by attempting to collect a "judgment on which defendants were not the judgment creditor" because only the creditor of record can execute a satisfaction. 2d Am. Compl. ¶¶ 44–45. Liang relies on the fact that, once they pay any amounts owed, judgment debtors are entitled to ask judgment creditors for a satisfaction of judgment, a vacation of the judgment, and dismissal of the action. *See* 735 Ill. Comp. Stat. 5/12-183. Liang claims that Defendants' letter is misleading because it did not disclose that LVNV was not the creditor of record. This is incorrect.

Nothing in the dunning letter was misleading as to LVNV's status in relation to the debt. In Illinois, "a judgment on an unsecured personal debt . . . is a mere chose in action" and is assignable. *Christiansen v. Saylor*, 697 N.E.2d 1188, 1192 (Ill. App. Ct. 1998). And the assignee may bring a new action to enforce the judgment. *See Apollo Real Estate Inv. Fund, IV, L.P. v. Gelber*, 935 N.E.2d 949, 955–56 (Ill. App. Ct. 2009); *see also* 735 Ill. Comp. Stat. 5/2-403 ("The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name."). Consistent with these rules of assignment, the letter notes that LVNV is

8

the creditor to whom the debt is owed; it makes no statement that would mislead a debtor into thinking that LVNV was also the judgment creditor. Accordingly, Liang's FDCPA claim based on the contention that LVNV was not the creditor of record is dismissed with prejudice.

### III. LVNV's Ownership of the Debt

In his briefs, Liang also appears to challenge LVNV's ownership of the debt. *See, e.g.*, Pl.'s Resp. Mot. Dismiss at 8, ECF No. 39 (questioning whether the "receivables" referenced in the bill of sale attached as Appendix 1 "includes judgments"). In response, Defendants point out that the complaint contains no claims that LVNV is attempting to collect on a debt it does not own. The Court agrees. The two claims in the complaint solely are based on alleged misrepresentations related to (1) the dormant status of the debt and (2) the fact that LVNV was not the judgment creditor. Although there is some language in the complaint that appears to question whether LVNV actually acquired the debt, *see* 2d Am. Compl. ¶¶ 36, 43, the complaint does not assert a FDCPA claim premised on lack of ownership. If Liang believes he has a nonfrivolous argument that LVNV is not the owner of the debt at issue, he may amend his complaint to add such a claim within fourteen days of the issuance of this order.

## **Conclusion**

For the reasons stated herein, the Court grants Defendants' motion to dismiss [35].

**IT IS SO ORDERED.**          **ENTERED   12/22/16**

_____

**John Z. Lee
United States District Judge**